**In re AIR CRASH DISASTER AT FLORIDA EVERGLADES ON DECEMBER 29, 1972.**

*Gerald Eskow and Joan Eskow*

*v.*

*Eastern Airlines, Inc., et al.,* S. D. New York, Civil Action No. 73 Civ. 2327

*Sarah Stark, etc.*

*v.*

*Eastern Airlines, Inc., et al.,* S. D. New York, Civil Action No. 73 Civ. 2328

*Herbert Fersko and Molly Fersko*

*v.*

*Eastern Airlines, Inc., et al.,* S. D. New York, Civil Action No. 73 Civ. 2329

**No. 139.**

Judicial Panel on Multidistrict Litigation.

Dec. 14, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Southern District of Florida and, with the consent of that court, assigned them to the Honorable Peter T. Fay for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394 (Jud.Pan.Mult.Lit., June 28, 1973). Since that time, the above-captioned actions were removed from state court to the United States District Court for the Southern District of New York. The Panel issued an order conditionally transferring these actions to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district. Plaintiffs oppose transfer. On the basis of the briefs filed and the hearing held, we find that transfer of these actions to the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in each action have filed motions seeking remand of their respective actions to New York state court. They urge the Panel to postpone any decision on the question of transfer until those motions have been determined.[1] We see no reason for delaying our decision. Because these actions involve questions of fact identical to those raised in the actions previously transferred by the Panel, transfer is necessary in order to eliminate the possibility of duplicative discovery and conflicting pretrial rulings. Furthermore, the transferee judge certainly has the power to determine the question of remand. *See* in re Plumbing Fixtures Litigation, 298 F.Supp. 484, 495–496 (Jud.Pan. Mult.Lit.1968).

Plaintiffs also request the Panel to reconsider its initial decision designating the Southern District of Florida as the appropriate transferee forum for this litigation. Our reasons for selecting that district are fully set forth in In re Florida Everglades Air Disaster Litigation, *supra*. We are not persuaded that reconsideration of that decision is warranted and, accordingly, plaintiffs' request is denied.

It is therefore ordered that the actions entitled Gerald Eskow and Joan Eskow v. Eastern Airlines, Inc., et al., S.D. New York, Civil Action No. 73 Civ. 2327; Sarah Stark, etc. v. Eastern Airlines, Inc., et al., S.D. New York, Civil Action No. 73 Civ. 2328; and Herbert Fersko and Molly Fersko v. Eastern Airlines, Inc., et al., S.D. New York, Civil Action No. 73 Civ. 2329 be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Peter T. Fay for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

1. Alternatively, plaintiffs request the Panel to decide the question of remand. We deny this request on the ground that 28 U.S.C. § 1407 does not empower the Panel to entertain such questions.