**In re AMINO ACID LYSINE ANTITRUST LITIGATION.**

**In re CORN SWEETENERS ANTITRUST LITIGATION.**

**In re CITRIC ACID ANTITRUST LITIGATION.**

**In re CITRIC ACID, CORN SWEETENERS AND LYSINE ANTITRUST LITIGATION.**

**MDL–Nos. 1083, 1087, 1092 and 1088.**

Judicial Panel on Multidistrict Litigation.

Dec. 15, 1995.

Before JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, Jr., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS and LOUIS C. BECHTLE, JUDGES of the Panel

### OPINION AND ORDERS

PER CURIAM.

### I. INTRODUCTION

The matter before the Panel consists of motions for transfer, pursuant to 28 U.S.C. § 1407, in four different, albeit interrelated, antitrust dockets involving alleged price fixing in the marketing and sale of three separate corn products or derivatives. Briefly stated, the dockets and motions before us can be broken down as follows: 1) MDL–1083—motion to transfer all lysine antitrust actions to a single district; 2) MDL–1087—motions to transfer all high fructose corn syrup (corn syrup) antitrust actions to a single district; 3) MDL–1092—motion to transfer all citric acid antitrust actions to a single district; and 4) MDL–1088—motion to transfer all corn products (lysine, corn syrup and citric acid) antitrust actions to a single district for assignment to a single judge as one multidistrict litigation.

### II. MDL–1083—IN RE AMINO ACID LYSINE ANTITRUST LITIGATION

This litigation presently consists of five lysine antitrust actions listed on the attached Schedule A and pending in the following federal districts: two actions each in the Central District of Illinois and the Northern District of Illinois and one action in the Northern District of Alabama.[1] Before the Panel is a motion by plaintiffs in the two Northern District of Illinois actions to centralize, pursuant to Section 1407, these actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. The following parties support the motion: 1) five MDL–1083 defendants, including

1. The Panel has also been notified that six related lysine antitrust actions have been filed—three in the Northern District of Illinois, two in the Northern District of Alabama and one in the Eastern District of Missouri. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596–97 (1993).

Archer Daniels Midland Company (ADM) and Heartland Lysine, Inc.; 2) plaintiffs in one Northern District of Illinois potential tag-along; and 3) plaintiffs in the Eastern District of Missouri potential tag-along. Plaintiffs in the remaining three actions on the MDL–1083 motion (two in the Central District of Illinois and one in the Northern District of Alabama) and in one Northern District of Alabama potential tag-along, who are all included among the movants in MDL–1088, take the position that the lysine actions should not be centralized separately, but rather in one multidistrict litigation before a single judge, along with the corn syrup and citric acid actions.

On the basis of the papers filed and the hearing held, the Panel finds that the five actions in this litigation involve common questions of fact and that centralization in the Northern District of Illinois under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action has been brought within the last five months as a class action against some or all members of the same core group of MDL–1083 defendants and is premised on allegations of a conspiracy to fix the price of lysine, an amino acid derived from corn that is used primarily as a livestock dietary supplement to speed muscle growth in poultry and hogs. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is the appropriate transferee forum for this litigation. We note that: 1) five of eleven known lysine antitrust actions are already pending there; 2) the Northern District of Illinois is the situs of an ongoing grand jury investigation in the lysine industry; and 3) plaintiffs in four of eleven known lysine antitrust actions and five MDL–1083 defendants favor the Northern District of Illinois as the transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Milton I. Shadur for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## III. MDL–1087—IN RE CORN SWEETENERS ANTITRUST LITIGATION

■ This litigation presently consists of thirteen corn syrup antitrust actions listed on the attached Schedule B and pending in the following federal districts: six actions in the Central District of Illinois, four actions in the Northern District of Alabama, and one action each in the Eastern District of Louisiana, the District of Minnesota and the Eastern District of New York.[2] Before the Panel are two motions seeking to centralize, pursuant to Section 1407, the corn syrup actions in a single district for coordinated or consolidated pretrial proceedings. The first motion is brought by four of the five MDL–1087 defendants, as follows: ADM; Cargill, Incorporated (Cargill); CPC International, Inc.; and American Maize Products Company. This motion, as amended, seeks centralization in the Central District of Illinois.[3] The second motion, brought by plaintiff in the Eastern District of Louisiana action, seeks centraliza-

---

**2.** The Panel has also been notified that eleven related corn syrup actions have been filed—three in the Central District of Illinois, three in the Eastern District of California, and one each in the District of Kansas, the District of Minnesota, the District of New Jersey, the Southern District of New York and the Southern District of West Virginia. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Panel Rules 12 and 13, *id.*

**3.** Defendants' Section 1407 motion included two Central District of California actions that were subsequently remanded to California state court and four Northern District of Illinois actions that were subsequently voluntarily dismissed. The

tion in the Eastern District of Louisiana.[4] The following responding parties favor centralization in the Central District of Illinois: 1) defendant A.E. Staley Manufacturing Company (Staley); 2) plaintiffs in the six Central District of Illinois actions; and 3) plaintiff in one Central District of Illinois potential tag-along. Plaintiff in the District of Minnesota potential tag-along favors centralization in the District of Minnesota. Plaintiffs in the remaining six actions on the MDL–1087 motions (four in the Northern District of Alabama and one each in the District of Minnesota and the Eastern District of New York) and in the District of New Jersey potential tag-along, who are all included among the movants in MDL–1088, take the position that the corn syrup actions should not be centralized separately, but rather in one multidistrict litigation before a single judge, along with the lysine and citric acid actions.

On the basis of the papers filed and the hearing held, the Panel finds that the thirteen actions in this litigation involve common questions of fact and that centralization in the Central District of Illinois under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action has been brought within the last five months as a class action against some or all members of the same core group of MDL–1087 defendants and is premised on allegations of a conspiracy to fix the price of corn syrup, a corn derivative that is used as a sweetener in a wide range of beverage and food products, including soft drinks, teas, canned fruits and vegetables, candy and ice cream. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of Illinois is the appropriate transferee forum for this litigation. We note that: 1) nine of 24 known corn syrup antitrust actions are already pending there; 2) two of the five MDL–1087 defendants (ADM and Staley) have their headquarters in that district; and 3) plaintiffs in seven of 24 known corn syrup antitrust actions and all five MDL–1087 defendants favor the Central District of Illinois as the transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule B and pending in districts other than the Central District of Illinois be, and the same hereby are, transferred to the Central District of Illinois and, with the consent of that court, assigned to the Honorable Michael M. Mihm for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule B.

## IV. *MDL–1092—IN RE CITRIC ACID ANTITRUST LITIGATION*

■ This litigation presently consists of four citric acid antitrust actions listed on the attached Schedule C and pending in the following federal districts: two actions in the Eastern District of Pennsylvania and one action each in the Northern District of Alabama and the Northern District of California.[5] Before the Panel is a motion by plaintiffs in the Northern District of California action and one Eastern District of Pennsylvania action to centralize, pursuant to Section 1407, these actions in the Northern District of California for coordinated or consolidated

---

question of transfer of these six actions is therefore now moot.

4. The six Central District of Illinois actions listed on Schedule B, although not included in either Section 1407 motion in MDL–1087, are nevertheless included in the MDL–1087 transfer ordered herein because i) counsel for all parties in these six actions participated fully in the briefing and oral argument of this matter before the Panel, and ii) the actions are already pending in the district selected by the Panel as the MDL–1087 transferee court.

5. The Panel has also been notified that four related citric acid actions have been filed—two in the Eastern District of California and one each in the Northern District of California and the Southern District of West Virginia. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions. *See* Panel Rules 12 and 13, *supra,* 147 F.R.D. at 596–97.

pretrial proceedings. The following parties support the motion: 1) all three MDL–1092 defendants—ADM, Cargill and Haarmann & Reimer Corporation; and 2) plaintiffs in the Northern District of California potential tagalong. Plaintiff in the remaining Eastern District of Pennsylvania action on the MDL–1092 motion, who is included among the movants in MDL–1088, takes the position that the citric acid actions should not be centralized separately, but rather in one multidistrict litigation before a single judge, along with the lysine and corn syrup actions. Plaintiff in the Northern District of Alabama action opposes transfer of that action pending resolution of plaintiff's motion to remand the action to Alabama state court.

On the basis of the papers filed and the hearing held, the Panel finds that the four actions in this litigation involve common questions of fact and that centralization in the Northern District of California under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each action has been brought within the last five months as a class action against some or all members of the same core group of MDL–1092 defendants and is premised on allegations of a conspiracy to fix the price of citric acid, an amino acid derived from corn that is used: 1) in food and beverages (including soft drinks) as a flavor enhancer or preservative; 2) in place of phosphates in shampoo and detergent; 3) in pharmaceutical products as a preservative; and 4) in home and industrial cleaning products. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary. We observe that the pending motion to remand the Northern District of Alabama action to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L.1973).

We are persuaded that the Northern District of California is the appropriate transferee forum for this litigation. We note that: 1) two of eight known citric acid antitrust actions are already pending there; 2) the Northern District of California is the situs of an ongoing grand jury investigation in the citric acid industry; and 3) plaintiffs in three of eight known citric acid antitrust actions and all three MDL–1092 defendants favor the Northern District of California as the transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule C and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Fern M. Smith for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule C.

## V. *MDL–1088—IN RE CITRIC ACID, CORN SWEETENERS AND LYSINE ANTITRUST LITIGATION*

■ This litigation presently consists of fifteen antitrust actions listed on the attached Schedule D and pending in the following federal districts: six actions in the Northern District of Alabama, two actions each in the Central District of Illinois and the Northern District of Illinois, and one action each in the Northern District of California, the District of Minnesota, the District of New Jersey, the Eastern District of New York and the Eastern District of Pennsylvania. MDL–1088 is merely an amalgam of lysine, corn syrup and citric acid actions from MDL–1083, MDL–1087 and MDL–1092, respectively. Specifically, the fifteen actions on the MDL–1088 motion can be broken down as follows: 1) six lysine actions—all five MDL–1083 actions and one MDL–1083 potential tag-along; 2) six corn syrup actions—five of thirteen MDL–1087 actions and one MDL–1087 potential tag-along; and 3) three citric acid actions—three of four MDL–1092 actions. Before the Panel is a motion by plaintiffs in twelve of the fifteen actions to centralize, pursuant to Section 1407, all lysine, corn syrup and citric acid antitrust actions in one multidistrict litigation before a single judge.

The MDL–1088 movants suggest the following five districts as possible MDL–1088 transferee districts: the Northern District of Alabama; the Eastern District of Pennsylvania; the District of Minnesota; the District of New Jersey; and the Eastern District of New York. The following parties have responded in opposition to the the the MDL–1088 motion: 1) common defendant ADM (named in lysine, corn syrup and citric acid actions); 2) common defendant Cargill (named in corn syrup and citric acid actions); 3) four other MDL–1083 lysine defendants; 4) the three other MDL–1087 corn syrup defendants; 5) the one other MDL–1092 citric acid defendant; 6) the MDL–1083 moving plaintiffs; 7) plaintiffs in six MDL–1087 actions; and 8) the MDL–1092 moving plaintiffs.

On the basis of the papers filed and the hearing held, we are not persuaded i) that the degree of factual commonality among the three categories of antitrust actions in MDL–1088 rises to a level that warrants centralization before a single judge, or ii) that such centralization would best serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of this entire litigation. The MDL–1088 movants argue in essence that the three price fixing conspiracies alleged in these actions are closely related and factually intertwined, in light of the facts that all three products are derived from corn and common defendant ADM is an important figure in the production and sales of each of the three corn products. Notwithstanding these obvious points of intersection, we reject movants' proposed litigation framework for these actions. At this early stage of the litigation, the differences among the three categories of actions appear to outweigh the similarities. We note that: 1) the lysine, corn syrup and citric acid actions involve different products, with different uses, produced for the most

part by different manufacturers, and sold by them to different alleged classes of purchasers, albeit with some overlapping class membership;[6] 2) of the sixteen defendants in the three categories of actions, only two (ADM and Cargill) are named with respect to more than one product; 3) not one of the fifteen MDL–1088 actions (of which twelve are brought by movants) alleges an antitrust conspiracy involving more than one of the three products;[7] and 4) the United States Department of Justice is presently pursuing investigations before three separate grand juries, one for each product, in three different federal districts.

We are fully cognizant, of course, that each of the three separate multidistrict litigations we are creating will not, and indeed should not, proceed in a vacuum. In light of the interrelatedness of the three products and the presence of defendants ADM and Cargill in more than one litigation, discovery and other pretrial proceedings are likely to overlap in the three dockets at various points. We are confident, however, that Judges Shadur, Mihm and Smith, through communication and cooperation with each other as well as with the parties, will effectively coordinate proceedings, whenever necessary, in MDL–1083, MDL–1087 and MDL–1092. *See In re Sugar Industry Antitrust Litigation*, 427 F.Supp. 1018, 1026–27 (J.P.M.L.1977); *In re Corrugated Container Antitrust Litigation*, 441 F.Supp. 921, 924 (J.P.M.L.1977).

Our decision to create three multidistrict litigations before three transferee judges in three different districts is without prejudice to the right of any party to seek reconsideration of that decision, on the basis of subsequent developments and the progress of proceedings in the three litigations.

---

**6.** The record before us suggests that some entities, most notably soft drink bottlers, purchased more than one of the three corn products.

**7.** Since the filing of the MDL–1088 motion, we have been advised of the pendency of two potential tag-along actions—recently removed to the Eastern District of California and the Southern District of West Virginia, respectively—each of which involves both corn syrup and citric acid. Our plan, if appropriate upon review of the com-

plaints and docket sheets in these two actions, would be to separate the claims regarding each product and transfer them to MDL–1087 and MDL–1092, respectively. *See* 28 U.S.C. § 1407(a); Panel Rules 12 and 13, *supra*, 147 F.R.D. at 596–97; and *In re D.H. Baldwin Debentures Due 1994 Securities Litigation/In re Petro-Lewis Securities Litigation*, MDL–606 and MDL–646 (J.P.M.L. Dec. 3, 1985) (unpublished order).

IT IS THEREFORE ORDERED that the motion in MDL–1088 for centralization pursuant to 28 U.S.C. § 1407 of the actions listed on the attached Schedule D be, and the same hereby is, DENIED.

JOHN F. NANGLE, Chairman of the Panel, joined by ROBERT R. MERHIGE, Jr., and BAREFOOT SANDERS, Judges of the Panel, dissenting.

Our disagreement with the decisions of the majority in this complex matter is a relatively narrow one. We too have confidence in the abilities of Judges Shadur, Mihm and Smith to manage these litigations in a coordinated fashion. We believe, however, that such coordination and its attendant dynamics can be more appropriately accomplished by assigning the three litigations to judges in a single district.

## SCHEDULE A

*MDL–1083—In re Amino Acid Lysine Antitrust Litigation*

*Northern District of Alabama*

Bobby Jack Brown, et al. v. Archer Daniels Midland Co., et al. C.A. No. 4:95–2074

*Central District of Illinois*

Walker Farms, Inc. v. Archer Daniels Midland Company, C.A. No. 2:95–2186

Munco, Inc. v. Archer Daniels Midland Co., C.A. No. 2:95–2203

*Northern District of Illinois*

K & L Feeds, Inc. v. Archer Daniels Midland Co., Inc. et al., C.A. No. 1:95–4587

General Utility Co., Inc. v. Archer Daniels Midland Co., et al., C.A. No. 1:95–4898

## SCHEDULE B

*MDL–1087—In re Corn Sweeteners Antitrust Litigation*

*Northern District of Alabama*

Golden Eagle, Inc. v. Archer Daniels Midland Co., et al., C.A. No. 6:95–1888

Seven Up Bottling Co. of Jasper, Inc. v. Archer Daniels Midland Co., et al., C.A. No. 6:95–1932

E.B. Evans Food Co., Inc. v. Archer Daniels Midland Co., et al., C.A. No. 2:95–2075

Grist Mill Co. v. Archer Daniels Midland Co., et al., C.A. No. 2:95–2209

*Central District of Illinois*

Vita Food Products Inc. v. Cargill Inc., et al., C.A. No. 1:95–1372

Vineland Syrup, Inc. v. Cargill Inc., et al., C.A. No. 1:95–1385

Rite Foods, Inc. v. Cargill Inc., et al., C.A. No. 1:95–1386

Dellwood Farms, Inc. v. Cargill Inc., et al., C.A. No. 1:95–1387

A & W Bottling, Inc. v. Cargill Inc., et al., C.A. No. 1:95–1388

Tuscan Dairy Farms, Inc. v. Cargill Inc., et al., C.A. No. 1:95–1389

*Eastern District of Louisiana*

Mr. Jim's Cafe, Inc., etc. v. Archer Daniels Midland Co., et al., C.A. No. 2:95–3182

*District of Minnesota*

Pepsi–Cola Bottling Co. of Olean v. Cargill, Inc., et al., C.A. No. 3:95–784

*Eastern District of New York*

A & J Food Wholesalers, Inc. v. Archer Daniels Midland Co., et al., C.A. No. 1:95–3101

## SCHEDULE C

*MDL–1092—In re Citric Acid Antitrust Litigation*

*Northern District of Alabama*

7–Up Bottling Co. of Jasper, Inc. v. Archer Daniels Midland Co., Inc., et al., C.A. No. 6:95–2239

*Northern District of California*

7–Up Bottling Co. of Philadelphia, Inc. v. Archer Daniels Midland Co., Inc., et al., C.A. No. 3:95–2963

*Eastern District of Pennsylvania*

*Trans–Packers Services Corp. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–5761

*7–Up Bottling Co. of Bridgeton, Inc. v. Archer Daniels Midland Co., Inc., et al.,* C.A. No. 2:95–5842

## SCHEDULE D

*MDL–1088—In re Citric Acid, Corn Sweeteners and Lysine Antitrust Litigation*

*Northern District of Alabama*

*Golden Eagle, Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 6:95–1888

*Seven Up Bottling Co. of Jasper, Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 6:95–1932

*Bobby Jack Brown, et al. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–2074

*E.B. Evans Food Co., Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–2075

*Horizon Laboratories, Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–2198

*Grist Mill Co. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–2209

*Northern District of California*

*Seven Up Bottling Co. of Philadelphia, Inc. v. Archer Daniels Midland Co., Inc., et al.,* C.A. No. 3:95–2963

*Central District of Illinois*

*Walker Farms, Inc. v. Archer Daniels Midland Company,* C.A. No. 2:95–2186

*Munco, Inc. v. Archer Daniels Midland Co.,* C.A. No. 2:95–2203

*Northern District of Illinois*

*K & L Feeds, Inc. v. Archer Daniels Midland Co., Inc., et al.,* C.A. No. 1:95–4587

*General Utility Co., Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 1:95–4898

*District of Minnesota*

*Pepsi–Cola Bottling Co. of Olean v. Cargill, Inc., et al.,* C.A. No. 3:95–784

*District of New Jersey*

*Carteret Packaging, Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–4666

*Eastern District of New York*

*A & J Food Wholesalers, Inc. v. Archer Daniels Midland Co., et al.,* C.A. No. 1:95–3101

*Eastern District of Pennsylvania*

*Trans–Packers Services · Corp. v. Archer Daniels Midland Co., et al.,* C.A. No. 2:95–5761