802 F.Supp.2d 1361 (1999)
IN RE LUTHERAN BROTHERHOOD VARIABLE INSURANCE PRODUCTS CO. SALES PRACTICES LITIGATION
Phillis Tzchoppe Eifler, et al. v. Lutheran Brotherhood, et al., D. Minnesota, C.A. No. 0:99-484
Deon Thompson, et al. v. Lutheran Brotherhood, et al., D. Minnesota, C.A. No. 0:99-485
Marjorie Michal Locke, et al. v. Lutheran Brotherhood, et al., D. Minnesota, C.A. No. 0:99-1153
Barbara A. Watson v. Lutheran Brotherhood Variable Insurance Products Co., et al., N.D. Ohio, C.A. No. 3:99-7503.
Docket No. 1309.
United States Judicial Panel on Multidistrict Litigation.
December 22, 1999.
*1362 Before JOHN F. NANGLE, Chairman, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE, and JOHN F. KEENAN, Judges of the Panel.

TRANSFER ORDER
JOHN F. NANGLE, Chairman.
This litigation presently consists of four actions in the following federal districts: three actions in the District of Minnesota and one action in the Northern District of Ohio. Before the Panel is a motion by the Lutheran Brotherhood defendants [1] to centralize, pursuant to 28 U.S.C. § 1407, the actions in this docket for coordinated or consolidated pretrial proceedings in the District of Minnesota.[2] Plaintiffs in all actions agree that transfer of the Ohio action to the Minnesota court for Section 1407 proceedings is appropriate. Plaintiffs, however, urge the Panel to defer inclusion of one Minnesota action (Thompson) in these proceedings pending rulings by the Minnesota court relating to the Thompson plaintiffs' motions to amend their complaint and to remand the action to state court.
On the basis of the papers filed,[3] the Panel finds that the actions in this litigation involve common questions of fact arising out of allegations that the Lutheran Brotherhood defendants fraudulently misled plaintiffs to purchase Lutheran Brotherhood insurance through a company-wide course of conduct, including the use of policy performance and vanishing premium sales practices and/or related replacement or churning practices. Centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to *1363 avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. We note that any pending matter in Thompson can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 (J.P.M.L.1973).
We are persuaded that the District of Minnesota is the appropriate transferee district for this litigation. We note that i) most actions are already pending there, ii) documents and witnesses are likely located at the Lutheran Brotherhood's Minneapolis headquarters, and iii) all parties agree that the Minnesota court is the most appropriate transferee forum for this litigation.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the abovecaptioned action pending in the Northern District of Ohio be, and the same hereby is, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings with the actions pending there.
NOTES
[1] Lutheran Brotherhood; Lutheran Brotherhood Variable Insurance Products Company; and Lutheran Brotherhood Securities Corp. (collectively referred to as the Lutheran Brotherhood defendants).
[2] In addition to the four actions before the Panel, movants have advised the Panel of one other action pending in the District of Minnesota. This action and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 181 F.R.D. 1, 10-11 (1998).
[3] The parties waived oral argument and accordingly the question of centralization of this litigation was submitted on the briefs. Id. at 14.