In re BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIA-BILITY LITIGATION

Steven E. Wilkinson, et al.

v.

Bridgestone/Firestone, Inc., et al.

Peggy J. Schmidt

v.

Bridgestone Corp. et al.

Josefina Torres, et al.

v.

Bridgestone/Firestone, Inc., et al.

Kathleen Dobert

v.

Ford Motor Co.

No. 1373.
Nos. C.A. 2:01–286, C.A. 4:00–4515, C.A. 1:00–4581, C.A. 1:01–427.

Judicial Panel on Multidistrict Litigation.

June 15, 2001.

Before WM. TERRELL HODGES, Chairman, LOUIS C. BECHTLE, JOHN F. KEENAN,* MOREY L. SEAR,n BRUCE M. SELYA, JULIA SMITH GIBBONS and D. LOWELL JENSEN, Judges of the Panel.

### TRANSFER ORDER

HODGES, Judge.

Before the Panel are motions brought, pursuant to 28 U.S.C. § 1407, by defendants Bridgestone/Firestone, Inc. (Firestone) and/or Ford Motor Company to transfer the four actions to the Southern

* Judges Keenan, Sear, and Jensen took no part    in the decision of this matter.

District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Plaintiffs in the District of Arizona and Northern District of California actions oppose transfer of their actions, as does a defendant Ford dealership in the District of Arizona action.

On the basis of the papers filed and the oral argument held, the Panel finds that the four actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of Indiana, and that transfer of these four actions to the Southern District of Indiana for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the previously centralized actions, the four present actions involve allegations that Firestone and/or Ford are responsible for harm or risk of harm caused by defective tires, defective vehicles, or both, including economic or property damage and, in two of the actions, wrongful death. Relevant discovery, including expert testimony, will overlap substantially in each action. The Panel further finds that transfer of the four actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *See In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation,* MDL–1373, 2000 U.S. Dist. LEXIS 15926 (J.P.M.L. October 24, 2000). We note that the remand motions pending in three of the actions can be presented to and decided by the transferee court. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (Jud.Pan. Mult.Lit.1973).

Plaintiffs and a defendant Ford dealership in the District of Arizona action and plaintiff in the Northern District of California action argue against transfer that their actions concern sizes and models of Firestone tires, namely Firehawk R4S and Affinity, respectively, different from those included in the multidistrict proceedings. We are not persuaded by these contentions. Rather, we find that these actions involve common questions of fact with other previously transferred actions, including whether Firestone tires are defective, whether Firestone had knowledge of the alleged defects, and whether the August 2000 tire recall as subsequently modified adequately addresses the problems with the defective tires. We note that the multidistrict proceedings already include other models of tires in addition to ATX, ATX II, and Wilderness AT tires.

We point out that transfer under Section 1407 has the salutary effect of placing all actions involving defective Firestone tires before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues or parties to proceed concurrently with pretrial proceedings on common matters, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures

are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these four actions are hereby transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Sarah Evans Barker for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that MDL–1373 is renamed to *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation.*