**In re CALIFORNIA RETAIL NATU-RAL GAS AND ELECTRICITY ANTITRUST LITIGATION**

No. 1406.

Judicial Panel on Multidistrict Litigation.

June 25, 2001.

Before WM. TERRELL HODGES, Chairman, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, and D. LOWELL JENSEN,* Judges of the Panel.

### TRANSFER ORDER

HODGES, Judge.

This litigation consists of the four actions listed on the attached Schedule A and pending in two districts as follows: two actions each in the Central and Southern Districts of California.[1] All defen-

---

* Judges Sear and Jensen took no part in the decision of this matter.

1. The parties have identified four actions as sharing questions of fact with the four actions presently before the Panel. These additional actions were recently removed to federal court as follows: two actions to the Central

District of California and one action each to the Northern District of California and the Western District of Texas. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

dants move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in a single district for coordinated or consolidated pretrial proceedings. Because movants believe that California's federal judges may have to recuse themselves under the provisions of 28 U.S.C. § 455, movants suggest that a non-California transferee forum is preferable. All plaintiffs oppose a transfer decision at this time. In the event the Panel decides to rule now on centralization, then plaintiffs in the two Central District of California actions would support selection of that district as transferee forum, and plaintiffs in the other two constituent actions would support selection of the Northern, Central, or Southern District of California.

■ On the basis of the papers filed and the oral argument held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In this litigation common defendants are sued in multiple districts by plaintiffs seeking to recover damages on behalf of overlapping classes of California natural gas or electricity ratepayers. In all actions the defendants are charged with conspiring to drive up the retail price of either natural gas or electricity in California through alleged manipulation of pipeline capacity or projects. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel, and the judiciary.

■ Plaintiffs suggest that a decision in their favor on pending remand motions may obviate the need for transfer. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (Jud.Pan. Mult.Lit.1973). Such an approach here has the additional advantage of streamlining treatment of the remand issue.

■ We are persuaded that this litigation has a strong California nexus, but that the appropriate transferee forum for centralized pretrial proceedings is a district adjacent to California still within the same circuit, because of the potential recusal issues affecting the availability of a judge in any California district. By centralizing this litigation in the District of Nevada before Judge Philip M. Pro, we are confident that we are entrusting this important assignment to an able jurist who stands ready to steer this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are hereby transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Philip M. Pro for coordinated or consolidated pretrial proceedings.

ATTACHMENT

SCHEDULE A

*MDL–1406—In re California Retail Natural Gas and Electricity Antitrust Litigation*

Central District of California

*Continental Forge Co. v. Southern California Gas Co., et al.,* C.A. No. 2:01–358

*Andrew Berg, et al. v. Southern California Gas Co., et al.,* C.A. No. 2:01–359

Southern District of California

*John Phillip v. El Paso Merchant Energy, L.P., et al.,* C.A. No. 3:01–76

*John W.H.K. Phillip v. El Paso Merchant Energy, L.P., et al.,* C.A. No. 3:01–77