**In re WASTE MANAGEMENT, INC., SECURITIES LITIGATION**

### No.  MDL–1422.

Judicial Panel on Multidistrict Litigation.

Nov. 7, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## TRANSFER ORDER

HODGES, Chairman.

This litigation currently consists of the four actions listed on the attached Schedule A and pending in three federal districts as follows: two actions in the Southern District of Texas and one action each in the District of Delaware and the Eastern District of Michigan. Before the Panel is a motion pursuant to 28 U.S.C. § 1407 brought by defendant Waste Management, Inc. (WMI) for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Texas. Plaintiffs in the District of Delaware and the Eastern District of Michigan actions oppose transfer.

■ On the basis of the papers filed and hearing session held, the Panel finds that the four actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning misrepresentations or omissions about the financial condition and earnings prospects of WMI during some or all of the period between June 1998 and November 1999. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ Plaintiffs in the District of Delaware action base their objection to transfer on their pending motion to remand to state court. We point out, however, that the remand motion can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (Jud.Pan.Mult.Lit.1973). Plaintiffs in the Eastern District of Michigan action oppose transfer on the basis of the exclusive venue provision of the stock purchase agreement settling the prior litigation between the plaintiffs and Waste Management Holdings, Inc. We note that the question of the effect of the settlement agreement on the present litigation can likewise be determined by the transferee judge.

■ In selecting the Southern District of Texas as transferee district, we observe that the purported classes in the actions pending outside this district are either included in or subsumed by the putative class and subclasses in the Southern District of Texas action, which has been pending significantly longer and is further advanced procedurally than the actions in the other districts. We also find that relevant documents and witnesses can be expected to be found within the Southern District of Texas, the district in which WMI is located.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Melinda Harmon for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that District.

### SCHEDULE A

*MDL–1422—IN RE WASTE MANAGEMENT, INC., SECURITIES LITIGATION*

  *DISTRICT OF DELAWARE*

*Willard Miller, et al. v. Waste Management, Inc., et al.,* C.A. No. 1:00–702

  *EASTERN DISTRICT OF MICHIGAN*

*Peter J. Rosewig, et al. v. Waste Management, Inc., et al.,* C.A. No. 2:01–72223

**SOUTHERN DISTRICT OF TEXAS**
*In re Waste Management Inc. Securities Litigation,* C.A. No. 4:00–2183
*Florida State Board of Administration v. Waste Management, Inc., et al.,* C.A. No. 4:01–984