**In re WIRELESS TELEPHONE RE-
PLACEMENT PROTECTION
PROGRAMS LITIGATION**

**No. 1435.**

Judicial Panel on Multidistrict Litigation.

Jan. 4, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

This litigation presently consists of three actions: two actions in the Western District of Pennsylvania and one action in the Southern District of Georgia. Before the Panel is a motion by the three wireless defendants,[1] pursuant to 28 U.S.C. § 1407, to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. All plaintiffs oppose centralization. If the Panel deems centralization appropriate, they suggest centralization in the Western District of Pennsylvania. Some plaintiffs alternatively suggest that the Panel defer its Section 1407 ruling in order to permit the Pennsylvania and Georgia courts to rule on pending motions in these actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of nearly identical allegations that the similar wireless telephone replacement protection programs—which are underwritten by overlapping non-party insurers and offered by the wireless companies to their customers—violate state insurance, consumer protection and/or deceptive business practices statutes. Centralization under Section 1407 in the Southern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. We note that pending motions to remand actions to their respective state courts and/or to dismiss can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (Jud.Pan. Mult.Lit.1973).

In light of the geographic dispersal of the parties and witnesses involved in this docket, no federal district stands out as the focal point for this litigation. We conclude that the Southern District of Georgia is the appropriate transferee forum for this litigation. We note that i) an action is pending there before Judge B. Avant Edenfield, and ii) the Georgia district is a relatively convenient and accessible location and has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and

---

* Judge Selya did not participate in the decision of this matter.

1. Verizon Wireless, Inc., ALLTEL Corporation and Sprint Communications Company, L.P.

pending outside the Southern District of Georgia are transferred to the Southern District of Georgia and, with the consent of that court, assigned to the Honorable B. Avant Edenfield for coordinated or consolidated pretrial proceedings with the action pending there.

## SCHEDULE A

*MDL-1435--In re Wireless Telephone Replacement Protection Programs Litigation*

*Southern District of Georgia*

*Joseph R. Wilson v. Sprint Communications Co., L.P.,* C.A. No. 4:01–200

*Western District of Pennsylvania*

*Gregory E. Greiff v. Verizon Wireless, Inc.,* C.A. No. 2:01–1647

*Elaine Ehrheart v. ALLTEL Corp.,* C.A. No. 2:01–1658