### In re WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION

#### No. 1566.

Judicial Panel on Multidistrict Litigation.

Nov. 6, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation consists of the eight actions listed on the attached Schedule A and pending in four districts: five actions in the Northern District of California, and one action each in the Central, Eastern and Southern Districts of California.[1] The matter is before the Panel upon the motion of ten defendants variously sued in one or more of the eight actions: CenterPoint Energy, Inc.; Coral Energy Resources, L.P.; Duke Energy Corp.; Duke Energy North America, LLC; Duke Energy Trading and Marketing LLC; Encana Corp; Reliant Energy, Inc; Reliant Services, Inc; Reliant Resources, Inc.; and Kathleen Zanaboni. These parties move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Northern District of California. Movants submit, however, that i) the seven MDL–1566 actions currently brought as putative class actions present recusal issues under 28 U.S.C. § 455 for any California resident judge, and ii) future, similar lawsuits that might be filed on behalf of residents of other western states would present the same

---

1. Parties have also notified the Panel of two additional potentially related actions pending in the Central and Eastern Districts of California. In light of the Panel's disposition of this docket, these actions will be considered for treatment as potential tag-along actions in accordance with the Panel's Rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

recusal issue for a transferee judge resident of one of those states. Accordingly, movants submit that this litigation should be assigned to a judge from outside California and its neighboring states who would sit in movants' suggested Northern District of California transferee district pursuant to an intercircuit assignment under 28 U.S.C. § 292. All plaintiffs oppose transfer. If the Panel does determine to order centralization, then plaintiffs in five of the actions would favor selection of the Eastern District of California as transferee district, while plaintiffs in the three remaining actions would support centralization in the District of Nevada before Judge Philip M. Pro, to whom an earlier antitrust litigation involving aspects of the California natural gas market was assigned, MDL–1406, *In re California Retail Natural Gas and Electricity Antitrust Litigation*, 150 F.Supp.2d 1383 (Jud.Pan. Mult.Lit.2001).

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Nevada of all actions except the Eastern District of California action will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Defendants in all actions are alleged to have conspired and acted in ways that artificially increased the price of natural gas paid by California consumers during 2000 and 2001. We are persuaded, nonetheless, that proceedings in the Eastern District of California action, which is the only action in this docket not brought as a class action, are sufficiently advanced to warrant its exclusion from transfer. Centralization under Section 1407 of the other MDL–1566 actions, however, remains necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and con-

serve the resources of the parties, their counsel, and the judiciary.

■ Plaintiffs in the actions to be centralized have suggested that a decision in their favor on pending motions to remand to state court may obviate the need for transfer. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (Jud.Pan.Mult.Lit.1973). Such an approach here has the additional advantage of streamlining treatment of the remand issue.

■ We are persuaded that this litigation has a strong California nexus, but that the appropriate transferee forum for centralized pretrial proceedings is a district adjacent to California still within the same circuit, because of potential recusal issues currently affecting the assignment of the class actions in this litigation to a California resident judge. We are not persuaded, however, of a need to limit our transferee judge selection on the basis of the hypothetical filing and contents of future actions not now before us. By centralizing this litigation in the District of Nevada before Judge Pro, we are able to entrust this important assignment to an able jurist who can steer this litigation on an expeditious course, and who may also bring an additional familiarity with some of the issues presented in this docket as a result of his previous experience in presiding over MDL–1406.

IT IS THEREFORE ORDERED that transfer of the action listed on the attached Schedule A and pending in the Eastern District of California is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the remaining actions listed on the attached Schedule

A are transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Philip M. Pro for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1566—In re Western States Wholesale Natural Gas Antitrust Litigation*

*Central District of California*

*Team Design, et al. v. Reliant Energy Inc., et al.,* C.A. No. 2:03–3644

*Eastern District of California*

*E & J Gallo Winery v. Encana Energy Services, Inc., et al.,* C.A. No. 1:03–5412

*Northern District of California*

*Shanghai 1930 Restaurant Partners, L.P. v. Encana Energy Services, Inc., et al.,* C.A. No. 3:03–2948

*A.L. Gilbert Co. v. Coral Energy Resources, L.P., et al.,* C.A. No. 3:03–2949

*Oberti Wholesale Foods, Inc. v. Encana Energy Services, Inc., et al.,* C.A. No. 3:03–2994

*David C. Brown v. Encana Energy Services, Inc., et al.,* C.A. No. 3:03–2995

*Lois The Pie Queen v. Encana Energy Services, Inc. et al.,* C.A. No. 3:03–3173

*Southern District of California*

*Laurence Uyeda, et al. v. Centerpoint Energy, Inc., et al.,* C.A. No. 3:03–1149